**09 CV 8772**

Martin F. Casey
Christopher M. Schierloh
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o AMERICAN POWER
CONVERSION CORP. and GENUINE PARTS
COMPANY,

      Plaintiff,

   - against -

M/V YM PROSPERITY, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*; YANG MING
MARINE TRANSPORT CORP., HANJIN
SHIPPING CO., LTD., ALL OCEANS
TRANSPORTATION, INC., PANTAINER
EXPRESS LINE, and EXPEDITORS OF
WASHINGTON, INC., *in personam*,

      Defendants.

-------------------------------------------------------------X

2009 Civ.

**COMPLAINT**



Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o

AMERICAN POWER CONVERSION CORP. (hereinafter referred to as "Plaintiff" or "INA"),

by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint, alleges

upon information and belief as follows:

    1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, plaintiff, INA, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and is the subrogated underwriter of a consignment of computer equipment and accessories laden on board the M/V YM PROSPERITY and is the subrogated underwriter of a consignment of auto parts laden on board the M/V YM PROSPERITY, as more specifically described below.

3.    At all material times, AMERICAN POWER CONVERSION CORP. (hereinafter "American Power") was and is corporation with an office and place of business located at 201 Fulling Mill Road, Middletown, Pennsylvania 17057 and was the owner of a consignment of computer equipment and accessories laden on board the M/V YM PROSPERITY, as more specifically described below.

4.    At all material times, GENUINE PARTS COMPANY (hereinafter "Genuine Parts Company") was and is corporation with an office and place of business located at 2999 Circle 75 Parkway, Atlanta, Georgia 30339 and was the owner of a consignment of auto parts laden on board the M/V YM PROSPERITY, as more specifically described below.

5.    Upon information and belief, defendant, YANG MING MARINE TRANSPORT CORP., (hereinafter "Yang Ming") was and is a foreign corporation with an office and place of business located at 525 Washington Blvd., 25th Floor, Jersey City, New Jersey 07310, who owns, operates, manages and/or charters ocean-going vessels, including the M/V YM PROSPERITY, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V YM PROSPERITY, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

2

6.      Upon information and belief, defendant, HANJIN SHIPPING CO., LTD., (hereinafter "Hanjin") was and is a foreign corporation with an office and place of business located at 80 East Route 4, Suite 490, Paramus, New Jersey 07652, who owns, operates, manages and/or charters ocean-going vessels, including the M/V YM PROSPERITY, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V YM PROSPERITY, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

7.      Upon information and belief, defendant, ALL OCEANS TRANSPORTATION, INC., (hereinafter "All Oceans") was and is a foreign corporation with an office and place of business located at 271 Ming De 1st Road Chidu, Keelung 206, Taiwan, who owns, operates, manages and/or charters ocean-going vessels, including the M/V YM PROSPERITY, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V YM PROSPERITY, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court

8.      Upon information and belief, defendant, PANTAINER EXPRESS LINE, (hereinafter "Pantainer") was and is foreign corporation with an office and place of business located at Suite 100, 561 Airport South Parkway, Atlanta, Georgia 30349 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier (nvocc).

9.      Upon information and belief, defendant, EXPEDITORS OF WASHINGTON, INC., (hereinafter "Expeditors") was and is a business entity organized and existing by virtue of

the laws of the State of Washington with an office and place of business located at 1015 Third Avenue, 12th Floor, Seattle, Washington 98104 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier (nvocc).

10.    Upon information and belief, at all times hereinafter mentioned, defendant, M/V YM PROSPERITY was and still is a vessel operated as a common carrier of goods in ocean transportation for hire and, upon information and belief, is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

11.    Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST YANG MING, HANJIN, ALL OCEANS, EXPEDITORS, AND M/V YM PROSPERITY

12.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 11, inclusive, as if herein set forth at length.

13.    On or about December 5, 2008, a consignment, consisting of 167 cartons of computer equipment and accessories laden into container number HJCU9040270, then being in good order and condition, was delivered to the M/V YM PROSPERITY and defendants Yang Ming, Hanjin, All Oceans, and Expeditors and/or their agents in Keelung, Taiwan for transportation to Philadelphia, Pennsylvania, via the port of Tacoma, Washington in consideration of an agreed upon freight, pursuant Expeditors bill of lading number 6810316637 dated December 5, 2008 and Hanjin bill of lading number HJSCKHHA17149202 dated December 5, 2008.

14.    Thereafter, the aforementioned consignment was loaded aboard the M/V YM PROSPERITY and the vessel sailed for its intended destination.

15.    During the course of the ocean voyage, the vessel encountered weather conditions such that seas washed across the weather deck of the vessel and causing the loss overboard of certain containers.

16.    The defendants Yang Ming, Hanjin, All Oceans, Expeditors, and M/V YM PROSPERITY failed to deliver the cargo to American Power in the same good order and condition as when received by defendants at the port of loading. The aforementioned container, HJCU9040270, consisting of 167 cartons of computer equipment and accessories was lost overboard and was never recovered.

17.    The damage to the aforementioned cargo of computer equipment and accessories was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result in whole or in part, of the negligence and/or fault of defendants Yang Ming, Hanjin, All Oceans, Expeditors, and/or the unseaworthiness of the M/V YM PROSPERITY.

18.    At all times relevant hereto, a contract of insurance for property damage was in effect between American Power and INA, which provided coverage for, among other things, loss or damage to the consignment.

19.    Pursuant to the aforementioned contract of insurance between American Power and INA, monies have been expended on behalf of American Power to the detriment of INA due to the damages sustained during transit.

20.    As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, INA has an equitable right of subrogation and is

subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

21.    By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $152,546.53.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST YANG MING, ALL OCEANS, PANTAINER, AND M/V YM PROSPERITY

22.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23.    On or about December 5, 2008, a consignment, consisting of 175 cartons of auto parts laden into container number HJCU9901492/45, then being in good order and condition, was delivered to the M/V YM PROSPERITY and defendants Yang Ming, All Oceans, and Pantainer and/or their agents in Keelung, Taiwan for transportation to Auburn, Washington, via the port of Tacoma, Washington in consideration of an agreed upon freight, pursuant Pantainer bill of lading number TPE620082 dated December 5, 2008.

24.    Thereafter, the aforementioned consignment was loaded aboard the M/V YM PROSPERITY and the vessel sailed for its intended destination.

25.    During the course of the ocean voyage, the vessel encountered weather conditions such that seas washed across the weather deck of the vessel and causing the loss overboard of certain containers.

26.    The defendants Yang Ming, All Oceans, Pantainer, and M/V YM PROSPERITY failed to deliver the cargo to Genuine Parts Company in the same good order and condition as when received by defendants at the port of loading.    The aforementioned container,

HJCU9901492/45, consisting of 175 cartons of auto parts was lost overboard and was never recovered.

27.    The damage to the aforementioned cargo of auto parts was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result in whole or in part, of the negligence and/or fault of defendants Yang Ming, All Oceans, Pantainer, and/or the unseaworthiness of the M/V YM PROSPERITY.

28.    At all times relevant hereto, a contract of insurance for property damage was in effect between Genuine Parts Company and INA, which provided coverage for, among other things, loss or damage to the consignment.

29.    Pursuant to the aforementioned contract of insurance between Genuine Parts Company and INA, monies have been expended on behalf of Genuine Parts Company to the detriment of INA due to the damages sustained during transit.

30.    As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

31.    By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $36,442.33.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

32.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 31, inclusive, as if herein set forth at length.

33.    As the owners, disponent owners, bareboat owners, charterers, and/or managers of the M/V YM PROSPERITY, the defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and loaded on board the M/V YM PROSPERITY during the ocean voyage. Moreover, the defendants were sub-bailees of the cargo referred to in the First and Second Causes of Action and in any event, as the party having custody and control of the property and chattels of others, the defendants were obligated to exercise due diligence to properly care for those cargoes, a responsibility which included exercising due diligence to ensure that the M/V YM PROSPERITY was seaworthy for the voyage to the United States.

34.    The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including, but not limited to, their failure to maintain the M/V YM PROSPERITY in a seaworthy condition.

35.    By reason of the foregoing, plaintiff has sustained damages in the total amount of $188,988.86, plus expenses, no part of which has been paid, although duly demanded.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

36.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 35, inclusive, as if herein set forth at length.

37.    Defendants, as managers and owners of the M/V YM PROSPERITY, were responsible for manning, maintaining and repairing the vessel.

38.    The loss of the containers overboard, as described in the First and Second Cause of Action, was caused in whole or in part, by the negligence and fault of the said defendants in

8

failing to properly manage and operate the M/V YM PROSPERITY, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its hull and machinery.

39.     By reason of the foregoing, plaintiff has sustained damages in the total amount of $188,988.86, plus expenses, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1.     In rem service of process be issued against the M/V YM PROSPERITY, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in them be cited to appear and answer under oath both all and singular the matters aforesaid;

2.     The M/V YM PROSPERITY, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3.     The Court order, adjudge and decree that defendants, YANG MING MARINE TRANSPORT CORP., HANJIN SHIPPING CO., LTD., ALL OCEANS TRANSPORTATION, PANTAINER EXPRESS LINE, EXPEDITORS OF WASHINGTON, INC., and the M/V YM PROSPERITY, be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4.    That this Court grant to plaintiff such other and further relief as may be just and

proper.

Dated: New York, New York
      October 15, 2009
      115-1051/1052

                    CASEY & BARNETT, LLC
                    Attorneys for Plaintiff

By: _____
                    Martin F. Casey
                    Christopher M. Schierloh
                    65 West 36th Street, 9th Floor
                    New York, New York 10018
                    (212) 286-0225